# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| BILLY GENE HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C06-2035-LRR<br>No. CR03-2024-LRR<br><br>ORDER |

_____

    This matter appears before the court on Billy Gene Howard's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Billy Gene Howard ("the movant") filed his 28 U.S.C. § 2255 motion on May 25, 2006. On September 12, 2006, the court directed the government to respond to the movant's claims. On December 11, 2006, the government complied with the court's order by filing a resistance (docket no. 6). On January 16, 2007, the movant filed a traverse to the government's resistance (docket no. 7), which essentially is a reply. The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

    With respect to the movant's request for an evidentiary hearing, a district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).[1]

The court's review of the record leads it to conclude that it is able to resolve the defendant's claims from the record. Thus, there is no need for an evidentiary hearing. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims, including his

---

[1] The movant contends, in part, that an evidentiary hearing is necessary because the statements made by his attorney are privileged. The movant waived his attorney-client privilege when he attacked his attorney's effectiveness. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (concluding that the attorney-client privilege "is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of actions to his attorney that raises the specter of ineffectiveness or incompetence"); *see also Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

ineffective assistance of counsel claims and prosecutorial misconduct claim, are without merit. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law in the Eighth Circuit as applied to the facts in the movant's case. Specifically, the government correctly concluded that no violation of the movant's constitutional right to effective assistance of counsel occurred, *see Strickland v. Washington*, 466 U.S. 668, 689-95, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant contends that he is entitled to relief because: (1) defense counsel provided ineffective assistance when he decided not to call two witnesses, that is, Brian Luchtenberg and Jimmy Howard, and failed to introduce into evidence a letter written by another witness, that is, Dawn Hanawalt; (2) prejudice is established when the cumulative effect of defense counsel's errors is considered; and (3) the government used perjured testimony. All of the movant's contentions are unavailing.

The movant is unable to prevail under *Strickland*, 466 U.S. at 689-95, because the evidence, which the court summarized in its January 7, 2004 order and the Eighth Circuit Court of Appeals summarized in its June 28, 2005 opinion, *see United States v. Howard*, 413 F.3d 861 (8th Cir. 2005), clearly establishes his guilt. Numerous witnesses, including

3

Dawn Hanawalt, testified in support of the government's theory of the case and the movant does little to undermine their testimony. More importantly, defense counsel did not provide ineffective assistance when he decided not to call either of the potential witnesses because limiting their extremely prejudicial testimony amounts to reasonable trial strategy. *See Topete v. United States*, 173 F. App'x 533, 534 (8th Cir. 2006) (reasonable trial strategy does not constitute ineffective assistance); *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005) (making clear that deciding whether to call a witness is a virtually unchallengeable decision of trial strategy). And, the movant is unable to rely on a cumulative error theory in order to obtain relief. *See United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008). Finally, the record does not support the requirement that the government actually knew or should have known that it was using perjured testimony. *Cf. Lindhorst v. United States*, 658 F.2d 598, 602-03 (8th Cir. 1981). On the contrary, it shows that the parties clarified the facts before trial because inconsistent statements had been made by Brian Luchtenberg and Jimmy Howard. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues

must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion is denied.

2) A certificate of appealability is denied.

**DATED** this 2nd day of April, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA